IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RICHARD STEWART,

    Plaintiff,

v.                               C.A. No.:   1:21-cv-262

WORTHING 7, LLC, D/B/A W7 CONSTRUCTION SERVICES, and
HOWARD WORTHING,

    Defendants

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RICHARD STEWART (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, WORTHING 7, LLC, D/B/A W7 CONSTRUCTION SERVICES, and HOWARD WORTHING (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, WORTHING 7, LLC, D/B/A W7 CONSTRUCTION SERVICES, has offices Burnet County, Texas.

## THE PARTIES

4. Plaintiff, RICHARD STEWART, is an individual residing in Burnet County, Texas.

5. Plaintiff, RICHARD STEWART, was employed by Defendants in 2018, and again from July of 2019, until January 29, 2021, as a "Carpenter's Helper," at the regular rate of $17.50 per hour. Plaintiff's principle duties were to supply or holding materials or tools, and cleaning work area and equipment.

6. Defendant, WORTHING 7, LLC, D/B/A W7 CONSTRUCTION SERVICES, is a limited liability company existing under the laws of the State of Texas and maintains offices in Burnet County, Texas.

7. Defendant, WORTHING 7, LLC, D/B/A W7 CONSTRUCTION SERVICES, is a company that primarily operates a construction business and is an employer as defined by 29 U.S.C. § 203(d).

8.      Defendant, HOWARD WORTHING, is an individual residing in Burnet County, Texas.

9.      Defendant, HOWARD WORTHING, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, WORTHING 7, LLC, D/B/A W7 CONSTRUCTION SERVICES, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

10.     Defendant, HOWARD WORTHING, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

11.     Defendant, WORTHING 7, LLC, D/B/A W7 CONSTRUCTION SERVICES, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12.     At all times material to this complaint, Defendant, WORTHING 7, LLC, D/B/A W7 CONSTRUCTION SERVICES, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13.     At all times material to this complaint, Defendant, WORTHING 7, LLC, D/B/A W7 CONSTRUCTION SERVICES, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production

of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material to this complaint, Defendant employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce. Specifically, Plaintiff regularly handled and utilized Bauer Tools which are manufactured in Calabasas, California.

15. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

## **VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT**

16. Plaintiff occupied the position of "Carpenter's Helper;" and did not hold a position considered as exempt under the FLSA.

17. Defendants paid Plaintiff straight time for all hours worked including those hours in excess of 40 in a week.

18. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

19. Plaintiff was not paid for his overtime work in accordance with the FLSA.

20. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to

compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

21.     Specifically, Plaintiff was never paid any additional half-time premium for the work performed for Defendants that was in excess of 40 hours in a workweek.

22.     In 2018, Defendants treated Plaintiff as an "independent contractor" and paid him straight time for all hours worked.

23.     From July of 2019, until January 29, 2021, Defendants treated Plaintiff as an employee.  During this time period, Plaintiff was paid for 40 hours in a workweek via a payroll check.   For the hours worked in excess of 40 hours in a workweek, Plaintiff was paid straight time via a separate check.

24.     The work schedules for the Plaintiff required him to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

25.     In fact, Plaintiff worked numerous workweeks wherein he worked in excess of 50 hours in workweek.

26.     Defendants' policy of not properly paying overtime is company-wide and was willful.

27.     Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

28. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

29. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

30. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

31. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, RICHARD STEWART, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just

and proper.

## JURY TRIAL DEMAND

Plaintiff, RICHARD STEWART, demands a jury trial on all issues so triable.

Respectfully submitted this March 23, 2021.

        **ROSS • SCALISE LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

        _____
        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        **DANIEL B. ROSS**
        Texas Bar No. 789810
        **ATTORNEYS FOR PLAINTIFF**